**FILED - GR**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

August 13, 2025 1:40 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: ᴍᴍ / 8114

EDWARD LEBRON GRIFFIN 876024

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

**2:25-cv-198**
**Sally Berens- Magistrate Judge**

v.

BHAMINI SUDHIR

MATTHEW LEFEVRE

JAIMIS MONVILLE

AARON JEFFERY

KATHERINE WEST , NURSE HAPPALA

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

## COMPLAINT
*(Print Clearly)*

### I. Previous Lawsuits

**CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $405.00 filing fee regardless of whether your complaint is dismissed.

A.   Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?    Yes ☑   No ☐

B.   If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.   Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

WESTERN DISTRICT OF MICHIGAN (SOUTHER DIVISION).

2.   Is the action still pending?        Yes ☐   No ☑

a.   If your answer was no, state precisely how the action was resolved: _____

_____

3.   Did you appeal the decision?      Yes ☐   No ☑

4.   Is the appeal still pending?       Yes ☐   No ☑

a.   If not pending, what was the decision on appeal? _____

_____

5.   Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐   No ☑

a.   If so, explain: _____

_____

(W.D. Mich. Form – Last Revised: September 2021)

II. **Parties**

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff ~~Christopher~~ EDWARD LEBRON GRIFFIN 376024

Place of Present Confinement (MDOC) BARAGA CORRECTIONAL FACILITY

Address 13924 WADAGA ROAD, BARAGA, MICH, 49908-9204

Place of Confinement During Events Described in Complaint BARAGA MAX CORRECTIONAL

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 BHANINI SUDHIR

Position or Title MEDICAL PHYSICIAN

Place of Employment MICHIGAN DEPARTMENT OF CORR. BUREAU OF HEALTH CARE

Address BARAGA CORR. FAC. 13924 WADAGA RD, BARAGA MICHIGAN, 49908-9204

Official and/or personal capacity? OFFICIAL/ PERSONAL

Name of Defendant #2 MATTHEW LEFEVRE

Position or Title PHYSICIANS ASSISTANT

Place of Employment MICHIGAN DEPARTMENT OF CORR, BUREAU OF HEALTH CARE

Address BARAGA CORR. FAC., 13924 WADAGA, RD, BARAGA, MICH, 49908-9204

Official and/or personal capacity? OFFICIAL / PERSONAL

Name of Defendant #3 JAIMIE MONVILLE

Position or Title HEALTH UNIT SUPERVISOR

Place of Employment MICHIGAN DEPT. OF CORR, BUREAU OF HEALT CARE SERVICES

Address BARAGA CORR. FAC. 13924 WADAGA RD, BARAGA, MICH, 49908-9204

Official and/or personal capacity? OFFICIAL/ PERSONAL

Name of Defendant #4 AARON JEFFERY

Position or Title HEALTH UNIT MANAGER

Place of Employment MICHIGAN DEPT. OF CORR. BUREAU OF HEALTH CARE SERVICES

Address BARAGA CORR. FAC. 13924 WADAGA RD, BARAGA, MICH, 49908-9204

Official and/or personal capacity? OFFICIAL / PERSONAL

Name of Defendant #5 KATHERINE WEST

Position or Title BSN, RN

Place of Employment MICHIGAN DEPT. OF CORR. BUREAU OF HEALTH CARE SERVICES

Address BARAGA CORR. FAC. 13924 WADAGA RD, BARAGA, MICH, 49908-9204

Official and/or personal capacity? OFFICIAL / PERSONAL   (SEE ATTACHED)

(W.D. Mich. Form – Last Revised: September 2021)

Name of Defendants — Nurse Tricia Happala

Position or Title — RN

Place of Employment — Michigan Dept of Corr. Bureau of Health Care

Address — Baraga Correctional Fac 13924 Wadaga Rd, Baraga, Mich, 49908-9204

Official and/or Personal — Official /Personal

III. **Statement of Claim**

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

(SEE ATTACHED FACTUAL STATEMENT/CLAIMS FOR
RELIEF 1-10)

VERIFIED COMPLAINT FOR

DAMAGES AND INJUNCTIVE

RELIEF

1. THIS IS A 1983 ACTION FILED BY PLAINTIFF, EDWARD
LEBRON GRIFFIN, A STATE PRISONER ALLEGING VIOLATION
OF HIS CONSTITUTIONAL RIGHTS TO RECIEVE HEALTH CARE
AND SEEKING INJUNCTIVE RELIEF AND DAMAGES PUR-
SUANT TO THE AMERICANS WITH DISABILITIES ACT AND
THE REHIBILITATION ACT AND FOR VIOLATION OF HIS
FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS.

JURISDICTION

1. JURISDICTION OF THIS COURT IS INVOKED PURSUANT
TO 28 U.S.C. 1331 IN THAT THIS IS A CIVIL ACTION ARISING
UNDER THE CONSTITUTION OF THE UNITED STATES.
2. JURISDICTION OF THIS COURT IS INVOKED PURSUANT
TO 28 U.S.C. 1343 (A) (3) IN THAT THIS ACTION SEEKS
TO REDRESS THE DEPRIVATION, UNDER THE COLOR OF
STATE LAW, OF RIGHTS SECURED BY ACTS OF CONGRESS
PROVIDING FOR EQUAL RIGHTS OF PERSONS WITHIN THE
UNITED STATES.

EXHAUSTION OF REMEDY

1. (SEE DEPARTMENT OF CORRECTIONS STEPS
GRIEVANCE DECISION).

(W.D. Mich. Form – Last Revised: September 2021)

1. PLAINTIFF HAS BEEN AN INMATE WITH MICHIGAN DEPARTMENT OF CORRECTIONS SINCE 4/21/17.

2. AT QUARANTINE IN 2017 PLAINTIFF DID SEE OPTOMETRY

3. IN CONCLUSION OF THIS EVALUATION WITH OPTOMETRY THE MEDICAL PROFESSIONAL DIAGNOSED PLAINTIFF, EDWARD GRIFFIN, WITH A REQUIREMENT FOR CORRECTIVE EYEWEAR.

4. THIS WAS NOT A REVELATION TO PLAINTIFF, AS HE HAS WORE CORRECTIVE LENS HIS ENTIRE LIFE.

5. DID NOT SEE OPTOMETRY AGAIN UNTIL 2017, AT MTU, IN IONIA, MICHIGAN. (SEE EXHIBITS)

6. AT THIS APPOINTMENT IN 2017 PLAINTIFF MADE THE PROVIDER AWARE THAT HE HAS ALWAYS BEEN LIGHT SENSITIVE AND AT THIS TIME REQUIRED EYEWEAR THAT WAS ADHERENT TO THAT NEED.

7. UPON ARRIVAL AT CARSON CITY (DRF) IN 2018 THE PLAINTIFF BEGIN TO KITE TO BE SEEN BY OPTOMETRY AGAIN. EVEN THOUGH PLAINTIFF HAD GLASSES AT THE TIME THAT WERE SENSITIVE TO HIS NEEDS, THEY WERE BECOMING INEFFECTIVE.

8. PLAINTIFF BEGAN TO KITE HEALTH CARE/OPTOMETRY TO BE SEEN AS HE HAD BEGIN TO EXPERIENCE HEADACHES.

9. IN 2020, AT CARSON CITY (DRF) THE PLAINTIFF BROKE HIS GLASSES IN A ALTERCATION.

10. THIS ALTERCATION LEAD TO THE PLAINTIFF BEING CHARGED AND TRANSFERED TO BARAGA MAX.

11. FROM BARAGA MAX IN 2020 TO PLAINTIFFS RETURN TO BARAGA MAX IN 2024, PLAINTIFF WAS AT SEVERAL DIFFERENT PRISONS, LISTED IN ORDER: MARQUETTE BRANCH (MBP); (URF); (SRF); (UCP); (IBC); AND (DRF).

12. DESPITE THE KITES TO BE SEEN BY OPTOMETRY AT DRF IN 2020, PLAINTIFF WAS NOT SEEN AT ANY OF THESE PRISONS DESPITE SUBMITTING

13. AT COTTON (JCF) IN 2023 THE HEADACHES AND THE NAUSEA HAD REACHED A LEVEL THAT THE PLAINTIFF HAD NEVER EXPERIENCED BEFOR. SO PLAINTIFF KITED EXPLAINING SINCE HE HAD BEEN WITHOUT HIS GLASSES HE'S BEEN EXHIBITING SYMPTOMS THAT PHYSICALLY EFFECT HIS EVERYDAY QUALITY OF LIFE.

14. THE NP AARON FREDETTE ACKNOWLEDGED MY COMPLAINTS AND DEEM THE SYMPTONS SERIOUS ENOUGH TO TREAT WITH MEDICATION.

15. HOWEVER THE MEDICATION WAS INEFFECTIVE AND PLAINTIFF WAS LATER TRANSFERRED TO BELLAMY CREEK (IBC) AND NEVER SEEN BY OPTOMETRY.

16. PLAINTIFF KITED TO BE SEEN BY OPTOMETRY AT BELLAMY CREEK (IBC) AND CARSON CITY (DRF)

17. ON OCT, 17 2024 PLAINTIFF ARRIVED AT BARAGA MAX.

18. ON OCT, 21, 2024 PLAINTIFF KITED HEALTHCARE/OPTOMETRY STATING, "I'VE BEEN HAVING BLINDING HEADACHES WITHOUT MY GLASSES. I HAVE EXTREME LIGHT SENSI-TIVITY, I'VE BEEN KITING FOR LIKE A YEAR TO BE SEEN I NEED TO BE SEEN SOON PLEASE". (SEE EXHIBIT A)

19. DEFENDANT TYLER KANGAS RESPONDED SAYING, "YOU HAVE PREVIOUSLY KITED SIMILAR TO THIS, AND THE OPTOMETRIST RESPONDED, "YOU ARE ON THE WAITING LIST — THERE ARE ROUGHLY 200 OTHER GUYS ALSO WAITING — YOU MUST PATIENTLY WAIT YOUR TURN." (ALSO SEE EXHIBIT A).

20. I WAS NEVER SEEN AND NURSING GAVE ME A HANDFUL OF IBPROFEN, WHICH DID NOTHING FOR ME. AT THIS STAGE THE PAIN IS ALMOST A COMPLETE CONSTANT IN MY DAY.

21. ON OCT, 25 2024 PLAINTIFF RE-KITED TO REQUEST HIS EYEGLASS PERSCRIPTION FROM HEALTHCARE/OPTOMETRY, TO TRY AND HAVE MY FAMILY ORDER MY GLASSES FOR ME.

22. HEALTHCARE RESPONDED, " YOU ARE ON THE SCHEDULE FOR AN EYE EXAM AND WILL BE SEEN IN ORDER, UNTIL THEN WE DON'T HAVE A CURRENT EYE PERSCIPTION TO SEND YOU ",

23 PLAINTIFF LATER WAS INFORMED THAT OUTSIDE PARTIES COULD NO LONGER PURCHASE EYEGLASSES FOR PRISONERS.

24. A GRIEVANCE WAS FILED BY PLAINTIFF ON MARCH, 15, 2025 AFTER 5 MONTHS OF NO TREATMENT BY MEDICAL OR AN EYE EXAM. (SEE EXHIBIT B)

25. DEFENDANTS JAIME MONVILLE, HEALTH UNIT SUPERVISOR AND AARON JEFFERY, HEALTH UNIT MANAGER, DENIED THE PLAINTIFF AN INTERVIEW.

26. PLAINTIFF WAS INFORMED OF THIS DENIAL BY WRITTEN NOTICE. DEFENDANTS PRISON MEDICAL PROVIDERS ADMITTED THAT BARAGA MAX (AMF HAS BEEN WITHOUT AN OPTOMETRIST FOR THE LAST MANY MONTHS (SEE EXHIBIT C)

27. HOWEVER, DEFENDANTS PRISON MEDICAL PROVIDERS JAIME MONVILLE AND AARON JEFFERY PROVIDED ME WITH A PERSCRIPTION FROM 2017. (SEE EXHIBIT D)

28. DEFENDANT MEDICAL PROVIDER, KATHERINE WEST, RN, WAS THE RESPONDANT ON THE GRIEVANCE AS WELL. PLAINTIFF WAS DENIED INTERVIEW BY HER TOO.

29. BETWEEN THE MONTHS OF MARCH/MAY PLAINTIFF WAS SEEN BY DEFENDANT PRISON MEDICAL PROVIDER NP BHAMINI SUDHIR. DEFENDANT ACKNOWLEDGED THAT PLAINTIFFS COMPLAINTS AND SYMPTOMS WERE SERIOUS ENOUGH TO BE TREATED AND WAS MOST LIKELY ATTRIBUTED TO NOT HAVING MY GLASSES. SHE SAID SHE WOULD ALSO SCHEDULE APPOINTMENT WITH THE OPTOMETRIST,

30. PLAINTIFF INFORMED DEFENDANT PRISON MEDICAL PROVIDER MR BHANINI SUDHIR THAT HE HAD BEEN GIVEN TYLENOL BEFOR AND THAT THE HEADACHES AND NAUSEA WAS SO BAD THAT HE DOUBTED THE TYLENOL WOULD WORK.

31. PLAINTIFF WOULD ALSO LIKE TO NOTE THAT HE IS HEARING IMPAIRED. AND PARTIALLY BECAUSE OF THE DEFENDANT PRISON MEDICAL PROVIDER MR SUDHIR'S ACCENT, DUE TO HER ETHNICITY, BUT MOSTLY BECAUSE THERE WAS NO ATTEMPT MADE TO ENSURE SO, COMMUNICATION WAS NOT EFFECTIVE.

32. PLAINTIFF KITED MEDICAL /OPTOMETRY AGAIN ON MAY, 5, 2025 REQUESTING TO BE SEEN BY OPTOMETRY AGAIN, CITING THE HEADACHES AS WELL (SEE EXHIBITE)

33. PLAINTIFF RECIEVED A RESPONES SAYING" YOU HAVE PREVIOUSLY BEEN SCHEDULED WITH OPTOMETRY AND WILL BE CALLED OUT IN ORDER, (SEE EXHIBITE)

34. ON MAY, 6, 2025 PLAINTIFF AWOKE WITH EYESIGHT SO POOR HE THOUGHT HIS EYESIGHT WAS GONE. THE PAIN WAS EXCRUCIATING. BUT AFTER A HOUR THE PLAINTIFF'S VISION RETURNED BUT ONLY PARTIALLY.

35. PLAINTIFF WAS IN SO MUCH PAIN, WITH THE FEAR OF LOSING HIS SIGHT PERMANANTLY, PLAINTIFF KITED MEDICAL IMMEDIATELY. (SEE EXHIBIT I)

36. ON MAY, 6, 2025 PLAINTIFF KITED MEDICAL/OPTOMETRY SAYING" I WOKE UP THIS MORNING WITH EXTREME BLURRED VISION. I FEAR MY EYESIGHT IS BECOMING WORSE DUE TO ME NOT HAVING MY GLASSES FOR SO LONG. I CAN'T SEE ANYTHING CLEAR PAST 2 FEET IN FRONT OF ME, I AM BEGGING TO BE SEEN. THE HEADACHES ARE SUPER BAD AS WELL". (SEE EXHIBIT F)

37. PLAINTIFF RECIEVED A RESPONSE SAYING" YOU ARE ALREADY SCHEDULED WITH OPTOMETRY. YOU ARE SCHEDULED WITH A NURSE REGARDING YOUR HEADACHES.

38. WITH THE SERIOUS FEAR OF LOSING HIS EYESIGHT FOREVER PLAINTIFF FILED ANOTHER GRIEVANCE ON MAR. 6, 2025.

39. PLAINTIFF'S GRIEVANCE CITED CLAIM OF DELIBERATE INDIFFERENCE.

40. A FEW DAYS LATER, DEFENDANT PRISON MEDICAL PROVIDER NURSE HAPPALA, RN, SHOWED UP TO PLAINTIFF'S CELL FRONT DURING BREAKFAST WITH NO NOTICE. PLAINTIFF JUST WAKING UP DID NOT HAVE HIS HEARING AIDS IN.

41. DEFENDANT PRISON MEDICAL PROVIDER NURSE HAPPALA MADE NO ATTEMPT TO ESTABLISH EFFECTIVE COMMUNICATION. THIS IS PERTINENT BECAUSE THIS ENCOUNTER/ INTERVIEW WAS USED TO SATISFY THE PLAINTIFF'S GRIEVANCE INTERVIEW FOR THIS GRIEVANCE FILED MAY 6, 2025.

42. EXHIBIT G "DEAF AND/OR HARD OF HEARING" POLICY DIRECTIVE PAGE 5/6 SUBSECTION 1 AND 6 STIPULATES "COMMUNICATION . . . INTERVIEWS REGARDING HEALTH CARE" MUST BE DOCUMENTED. "6" SAYS "EFFECTIVE COMMUNICATION DOCUMENTATION TO BE PLACED ON ALL FORMS ASSOCIATED WITH THE GRIEVANCE PROCESS.

43. EXHIBIT H WILL SHOW THAT THIS DID NOT HAPPEN EVEN THOUGH DEFENDANTS PRISON MEDICAL PROVIDERS JAIME NONVILLE, AARON JEFFERY, AND NURSE HAPPALA, RN ALL KNOW THAT PLAINTIFF, EDWARD GRIFFIN, IS HEARING IMPAIRED, VIOLATING HIS RIGHT TO DUE PROCESS.

44. PLAINTIFF WAS SEEN BY NURSE SKINNER UP THE NEXT DAY, WHO DID ESTABLISH EFFECTIVE COMMUNICATION, AND SCHEDULED ME TO BE SEEN BY DEFENDANT PRISON MEDICAL PROVIDER, MATTHEW LEFEVRE.

45. DEFENDANT PRISON MEDICAL PROVIDER MATTHEW LEFEVRE DID SEE PLAINTIFF AND ALSO AGREED THAT THE PLAINTIFF'S CONDITION WAS SERIOUS ENOUGH TO TREAT. DEFENDANT ALSO THOUGHT THE PLAINTIFF'S CONDITION MAY BE ATTRIBUTED TO "CORRECTIVE LENS" AND PROMISED A REFERRAL TO OPTOMETRY.

46. DEFENDANT PRISON MEDICAL PROVIDER MATTHEW LEFEVRE ALSO PLACED PLAINTIFF ON DIFFERENT MEDICATION AS WELL; NAPROXEN AND IMITREX FOR THE HEADACHES, AS THE TYLENOL WAS INEFFECTIVE.

47. PLAINTIFF KITS HEALTH CARE AGAIN ON MAY 27, 2025 MAKING THEM AWARE THAT THE IMITREX WAS ONLY MARGINALLY BETTER, BUT THE NAPROXEN WAS GIVING ME CHEST PAIN.

48. ON MAY 30, 2025 PLAINTIFF WAS POPPED OUT OF HIS CELL AT 8:00 AM —— WITH NO NOTICE. NO ONE CAME TO MY CELL TO NOTIFY ME, AS POLICY STIPULATES HERE. AT BARAGA MAX ALL NOTICES ARE GIVEN BY THE P.A. SYSTEM.

49. UPON GOING DOWN TO THE OFFICERS STATION TO FIND OUT WHAT WAS GOING ON, I WAS INFORMED BY OFFICER BECK (THE MALE) THAT I WOULD GO TO MY CALLOUT NOW, WHICH WAS IN-UNIT HEALTH CARE, OR I WOULD BE DENIED.

50. PLAINTIFF WENT TO THE CALL-OUT, EVEN THOUGH I WAS NOT DRESSED FOR IT —— NOR DID I HAVE MY HEARING AIDS IN.

51. IN TURN  PRISON MEDICAL PROVIDER NURSE NURMI, WAS EXTREMELY UNPROFESSIONAL. SHE MOCKED MY DISABILITY BY MAKING MIMED HAND GESTURES THAT WAS NOT AMERICAN SIGN LANGUAGE, SAYING "CAN YOU HEAR ME?" IN A DISABLED PERSONS VOICE.

52. PLAINTIFF FILED A GRIEVANCE REGARDING THE ENCOUNTER.

53. AT THE FILING OF THIS COMPLAINT THIS PLAINTIFF STILL HAS NOT BEEN SEEN BY OPTOMETRY, THE NAPROXEN HAS BEEN DISCONTINUED AND PLAINTIFF FEARS A LONG ROAD AHEAD AS FAR AS PAIN MANAGEMENT. PLAINTIFF IS SUFFERING FROM A CONDITION THAT IS AFFECTING HIS EVERYDAY QUALITY OF LIFE AND FEARS THAT IF ALLOWED TO CONTINUE, EVENTUALLY A TRAGIC LOSS WILL BE AFFORDED THE PLAINTIFF DUE TO THIS EXTREME DISSERVICE.

54. PLAINTIFF DID GO TO A MEDICAL CALL OUT ON JUNE 3, 2025 REGARDING THE KITE PLAINTIFF HAD PUT IN ON MAY 27, 2025, MAKING HEALTH CARE AWARE THAT THE MEDICATION PREVIOUSLY PERSCRIBED TO HIM WAS IN FACT REALLY INEFFECTIVE.

55. PLAINTIFF SAW A NEW MP, TIMOTHY STALLMAN, WHO WAS VERY CANDID ABOUT WHAT HE THOUGHT OF THE WAY THE PLAINTIFF'S TREATMENT, AND LACK THEREOF HAD BEEN HANDLED.

56. MP STALLMAN VOICED THAT APPOINTMENT SHOULD HAVE BEEN MADE WITH AN OUTSIDE CLINIC LONG AGO TO ADDRESS THE PLAINTIFFS CONDITION.

57. THE PLAINTIFF ALSO MADE MP STALLMAN AWARE THAT PAIN MANAGEMENT HAD BECOME AN ACCEPTED NORMALCY IN DAY TO DAY LIFE FOR THE PLAINTIFF, AND THAT THE PLAINTIFFS VISION WAS BECOMING PROGRESSIVELY WORSE.

58. MP STALLMAN SAID THAT WE WOULD TRY A MEDICATION CALLED MAGNISIUM TO COMBAT THE "MIGRAINS" AS HE CALLED THEM. HE SAID IT WAS NATURAL FOR INJURY TO OCCUR TO MY VISION FOR SUCH A LONG TIME TO PASS WITHOUT THE PLAINTIFFS GLASSES BEING ALLOWED HIM BY WAY OF OPTOMETRY.

59. MP STALLMAN ASSURED THE PLAINTIFF THAT HE PERSONALLY WOULD LOOK INTO WHY THE PLAINTIFF STILL HAD NOT BEEN SEEN BY OPTOMETRY, AND WOULD MAKE AN IMMEDIATE REFERRAL TO AN OUTSIDE CLINIC IF THE PLAINTIFF WASN'T SEEN SOON.

60. PLAINTIFF WILL BE CALLING MP TIMOTHY STALLMAN AS A WITNESS.

## A. DELIBERATE INDIFFERENCE

61. ACCORDING TO MICHIGAN DEPARTMENT OF CORRECT-IONS BUREAU OF HEALTH CARE SERVICES EVALUATION OF ROUTINE HEALTH CARE NEEDS, TREATMENT TO EMERGENT ILLNESS AND INJURIES, REFERRAL FOR SPE-CIALTY CARE AS MEDICALLY NECESSARY, ARE ALL SERVICES THAT ARE ENTITLED TO PLAINTIFF EDWARD LEBRON GRIFFIN. OPTOMETRY IS PART OF THIS AS WELL. TO DEPRIVE THE PLAINTIFF OF THIS SERVICE AFTER BECOMING AWARE BY REQUEST TO BE SEEN BY THE PLAINTIFF, AS WELL AS BY REVIEW OF THE PLAIN-TIFFS MEDICAL RECORD, FAILURE TO ALLOW THIS PLAINTIFF THIS SERVICE CAN ONLY BE DEFINED AS DELIBERATE INDIFFERENCE. DEFENDANTS MD BHAMINI SUDHIR AND MD MATTHEW LEFEVRE HAVE NO EXCUSE AS TO WHY AFTER BECOMING AWARE THAT THIS PLAINTIFF HAD BEEN KITING SINCE 2020 TO BE SEEN BY OPTOMETRY AND AT LEAST TWO PLUS YEARS OF REPORTING PAIN AND SUFFERING DUE TO THE PLAINTIFF NOT HAVING HIS GLASSES, THEY BOTH DEEMED THIS PLAINTIFFS CONDITION SERIOUS ENOUGH TO PER-SCRIBE MEDICATION, BUT NOT SERIOUS ENOUGH TO EXPIDITE REFERRAL TO AN OUTSIDE CLINIC WHEN THEY KNEW THERE HAD BEEN AN EXCESSIVELY LONG DELAY, AND THEY DID NOT HAVE AN OPTOMETRIST TO EVALUATE THE PLAINTIFFS NEEDS FOR MONTHS BEFOR THE PLAINTIFF EVER ARRIVED AT BARAGA. THIS IS A CLEAR ACT OF DELIBERATE INDIFFERENCE PROTECTED BY THE EIGHTH AMENDMENT.

## B. CRUEL AND UNUSUAL PUNISHMENT

62. DEFENDANTS MD BHAMINI SUDHIR, MD MATT-HEW LEFEVRE, HEALTH CARE UNIT SUPERVISOR JAINE MANVILLE, HEALTH CARE UNIT MANAGER AARON JEFFERY, NURSE HAPAALA, RN, AND NURSE KATHERINE WEST, BSN,

RN, WERE ALL AWARE OF THE PLAINTIFFS PLEA FOR HELP, WHETHER BY WAY OF KITE, MEDICAL RECORD, OR GRIEVANCE. A DELAY OF THIS MAGNITUDE CAN BE NAMED NOTHING IF NOT CRUEL AND UNUSUAL TO DENY AN INMATE THE MINIMAL CIVILIZED MEASURE OF LIFES NECESSITIES; TO DENY THE PLAINTIFF OF A SINGLE IDENTIFIABLE HUMAN NEED, IS CRUEL AND UNUSUAL. THIS IS A EIGHTH AMENDMENT ISSUE AS WELL.

## C. DENIAL OF DUE PROCESS

63. AS YOU WILL SEE IN EXHIBIT G, "EFFECTIVE COMMUNICATION" SUBSECTION "1" AND "6" THAT ANY INTERVIEWS WITH A DEAF AND/OR HARD OF HEARING PRISONER REQUIRES FOR STEPS TO BE FOLLOWED IN SECURING DUE PROCESS ~~REGARDING~~ PRISONERS WHO SUFFER SUCH DISABILITIES. PLAINTIFF EDWARD LEBRON GRIFFIN IS A HARD OF HEARING PRISONER AND WEARS HEARING AIDS TO AID IN HIS ABILITY TO HEAR. NUMBER "6" STATES THAT ALL COMMUNICATIONS, INTERVIEWS WITH PRISONERS MUST BE DOCUMENTED ON ALL FORMS ASSOCIATED WITH THE GRIEVANCE PROCESS. AS YOU WILL SEE IN EXHIBITS "B" "C" "G" "H" AND "I" THIS DID NOT HAPPEN. ON EXHIBIT "J" AS WELL FROM DEFENDANT KATHERINE WEST, BSN, RN, SHE MADE NO ATTEMPT TO SECURE MY DUE PROCESS AS WELL. THIS FAILURE TO ACKNOWLEDGE AND ACCOMMODATE MY DISABILITY DURING THE GRIEVANCE PROCESS DENIED THE PLAINTIFF A CHANCE AT COMMUNICATING HIS NEEDS EFFECTIVELY AND FINDING A RESOLUTION TO HIS OBVIOUS NEEDS.

64. ALL OF THESE FAILURES TO ACCOMMODATE THE PLAINTIFFS NEED ARE ALL A PART OF THE SAME SERIES OF TRANSACTIONS OR OCCURRENCES. THESE CLAIMS ARE SUPPORTED BY THE EIGHTH AND FOURTEETH AMENDMENT OF THE UNITED STATES CONSTITUTION.

65. as a result of all the defendants involved the plaintiff has suffered injury in the form of pain, which the plaintiff is still being treated for and will be assuredly, at least for the foreseeable future. Pain management is a real thing for this plaintiff, as well as his eyesight has been degrade. To level the plaintiff has never experienced in his life, future treatment will be needed to recover, if recovery is possible.

66. The date now is July, 2, 2025 and I've still not been seen by optometry and the medication prescribed magnesium for the headaches is not working, it doesn't seem like I will be seen anytime soon.

Edward Griffin 576024

7-7-25

ERIC STROMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF HOUGHTON
MY COMMISSION EXPIRES Sep 9, 2025
ACTING IN COUNTY OF Baraga

7-7-25

IV. **Relief**

State briefly and precisely what you want the court to do for you.

(SEE ATTACHED "RELIEF REQUESTED 1-2).

V. **Notice to Plaintiff Regarding Consent**

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

☑ I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

☐ I request that this case be assigned to a district judge.

7-7-25

**Date**

**Signature of Plaintiff**

## **NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

(W.D. Mich. Form – Last Revised: September 2021)

WHEREFORE, THE PLAINTIFF REQUEST THAT THE COURT GRANT THE FOLLOWING:

A. DECLARE THAT DEFENDANT MR BHAMINI SUDHIR AND MR MATTHEW LEFEVRE DID VIOLATE THE PLAINTIFF'S EIGHTH AMENDMENT RIGHT MEDICAL CARE AND TO NOT HAVE TO SUFFER CRUEL AND UNUSUAL PUNISHMENT.

B. DECLARE THAT DEFENDANTS JAIME MONVILLE, AARON JEFFERY, KATHERINE WEST, AND NURSE HOPPOLA DID VIOLATE THE PLAINTIFFS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS UNDER THE UNITED STATES CONSTITUTION BY FAILING TO ESTABLISH AND DOCUMENT EFFECTIVE COMMUNICATION AT EVERY STAGE OF THE GRIEVANCE PROCESS AS STIPULATED BY POLICY DIRECTIVE UNDER TITLE 2 OF THE AMERICANS WITH DISABILITIES ACT.

C. PLAINTIFF ASKS THE COURT TO ISSUE AN INJUNCTION THAT EITHER ALLOW A CERTAIN AMOUNT OF FUNDS TO ALLOW PRISONERS TO PURCHASE NEEDED EYEWEAR TO "SELF MEDICATE" IN A SITUATION WHEN OPTOMETRY IS UNAVAILABLE OR TO ALLOW OUTSIDE HELP TO PURCHASE EYEWEAR FOR PRISONERS WHO ARE UNABLE TO DO SO ON THEIR OWN.

D. AWARD PLAINTIFF $ 25,000 FOR PLAINTIFF'S PHYSICAL AND EMOTIONAL INJURIES. THE RECORD SUPPORTS THE NEED FOR MEDICATED EYEWEAR, AND AFTER 5 PLUS YEARS OF KITING TO BE SEEN, 2 PLUS OF PAIN AND SUFFERING BY DENIAL OF PLAINTIFFS PLEAS TO BE SEEN, AND NOW HAVING TO LIVE EVERY DAY WITH A DEGRADED FORM OF VISION AS WELL AS EXSISTING IN A CONSTANT PAIN MANAGEMENT MODE, PLAINTIFF FEELS THE AMOUNT REQUESTED IS JUSTIFIED. THIS AWARD WOULD BE COMPENSATORY JOINTLY AND SEVERALLY AGAINST DEFENDANTS

MR. ASHANTI SCOTT AND MR. NICHOLAS LEFERLS. THE PUNISHMENT WAS CRUEL AND UNUSUAL.

E. PLAINTIFF ASKS FOR $25,000 IN PUNITIVE DAMAGES AGAINST DEFENDANTS JAIME MONVILLE, AARON JEFFERY NURSEH ORDALA, AND KATHERINE WEST FOR FAILING TO SECURE THE PLAINTIFFS RIGHT TO DUE PROCESS AND WRECKLESSLY DISREGARDING THE PLAINTIFFS DISABILITY. IF THEY WOULD HAVE TAKEN THE TIME TO COMMUNICATE WITH THE PLAINTIFF DURING THE GRIEVANCE PROCESS A SOLUTION MIGHT HAVE BEEN REACHED TO END THE PLAINTIFFS PAIN AND SUFFERING, WHICH MAKES THEM JUST AS GUILTY OF CRUEL AND UNUSUAL PUNISHMENT AS WELL

H. PLAINTIFF ASK THAT THE COURT AWARD $50,000 FOR FUTURE TREATMENT AND HEALTH CARE; THIS WILL ALSO SERVE TO SUPPORT THE PLAINTIFF IF THE AFFLICTIONS THAT HAS BEEN FORCED UPON HIM DUE TO THIS INJUSTICE PREVENTS HIM FROM BEING ABLE TO WORK. THE PLAINTIFFS OUT DATE IS JAN 22 2026 AND THE FACT THAT THE PLAINTIVES EYESIGHT AND ABILITY TO FUNCTION DAY TO DAY WITHOUT PRESCRIBED PAIN KILLERS WILL NO DOUBT AFFECT HIS EVERYDAY QUALITY OF LIFE. THIS AMOUNT OF INSURANCE WILL GARUNTEE THAT THE PLAINTIFF IS ABLE TO AFFORD TREATMENT AS WELL AS PROVIDE FOR HIM-SELF AGAINST THE INJUSTICE SUFFERED.

Edward Phillips
BARAGA CORRECTIONAL FACILITY
13924 WADAGA ROAD
BARAGA, MI, 49908-9204
JULY 7, 2025



EDWARD GRIFFIN 376024
BARAGA CORR. FACILITY
13924 WADAGA RD
BARAGA, MI,
        49908-9204

U.S. DIS
399 FED
110 MICH
GRAND

UNITED STATES POSTAL SERVICE®    pitney bowes

USPS TRACKING #

9488 8090 0027 6153 7948 75

Label 888-PB, Oct. 2015

